Contracts; defective specification; contract amendment as defense, reformation; adequacy of consideration; failure of consideration; breach. — Plaintiff seeks additional compensation under a contract between it and the Department of Housing and Urban Development (HUD) for repairs to the exterior of the Chelsea Tower Apartments, a HUD-owned property in Atlantic City, New Jersey. Plaintiff seeks review under Wunderlich Act standards, 41 U.S.C. §§ 321, 322 (1976), of adverse decisions of the HUD Board of Contract Appeals ("the Board”) and, on the same record, reformation of the written contract so as to entitle it to a price in excess of that provided therein. Plaintiff also claims *751 breach of contract. The contract called for, inter alia, the removal, repair, and replacement of portions of the apartment house exterior brick veneer wall. The contract stated that the known quantity of brick veneer to be removed and replaced was 1600 square feet. Plaintiffs unit price for each square foot of brick removed and replaced was $18. As required by the contract, plaintiff marked with black paint the bricks which it deemed defective and in need of replacement. It marked off 18,444 square feet of brick for removal. Upon review, the architect retained by the Government determined that approximately 15,000 square feet of brick needed replacement. In light of test openings that revealed serious unanticipated defects in the walls of the building tracing back to the original construction, the parties entered into a contract modification wherein plaintiff agreed to perform the additional work at a price of $15 per square foot (since it was now rebuilding entire walls without windows.) Plaintiff subsequently completed the contract. On August 18, 1981, Trial Judge Philip R. Miller filed a recommended decision (reported in full at 29 CCF ¶ 81,777) sustaining and rejecting, in part, the decisions of the Board and finding that plaintiff is not entitled to additional compensation beyond that awarded by the Board. The trial judge found that (1) although defendant would be liable for any damages plaintiff incurred as a result of the defective specification, plaintiff was not entitled to recover since, first, after acquiring knowledge of the true scope of the project, plaintiff voluntarily entered into the contract modification, thus extinguishing plaintiffs claim, and second, plaintiff failed to establish that its unit costs increased beyond that which plaintiff contemplated when it bid pursuant to the defective specification; indeed the contract modification reflects that plaintiffs costs actually decreased as a result of the increased volume of work; (2) since plaintiff was not mistaken as to the scope of the project when it entered into the contract modification, it is not entitled to a reformation of the original contract to reflect the price plaintiff aserts it would have bid pursuant to the corrected specification; (3) the Government’s relinquishment of its termination and equitable adjustment options represented adequate consideration for *752 plaintiffs unit price reduction in the contract modification; (4) plaintiff is not entitled to additional compensation for the removal of paint on areas of brick it marked for removal pursuant to specifications but which the Government chose not to replace since the defendant had the final authority to reject plaintiffs markings for replacement of brick and the contract clearly placed the risk and burden of removing the paint on plaintiff; (5) plaintiff is not entitled to compensation for the cost of measuring and marking the brickwork not replaced by the Government since the Government had final authority to determine which bricks were to be replaced and plaintiff should have provided for this risk in its unit price; plaintiff was aware after the marking survey of the true extent of the work and reaffirmed its unit price in the modification; and plaintiff did not suffer damage since the Government ordered more unmarked brick to be replaced than the quantity of brick it refused to have removed; (6) plaintiff is not entitled to compensation for the cost of installing a sidewalk bridge to protect pedestrians while it made repairs on the walls above since the bridge was a necessary safety measure required by the terms of the original contract and did not constitute a contractually prohibited encumbrance of the sidewalk; (7) plaintiff is not entitled to compensation for the cost of procuring and operating facilities for hoisting and lowering heavy materials and debris after defendant refused to allow the continued use of a passenger elevator for this purpose since the use of a hoisting facility was required within the scope of the original contract as bid and the elevator provided for plaintiffs use was confined to transportation of personnel and limited delivery of materials, and its more extensive use was properly prohibited by the Government; (8) plaintiff is not entitled to an equitable adjustment for the wages of a full-time brick foreman since, at a time when it was fully aware of the scope of the work involved, plaintiff entered into the contract modification, and it is assumed that, as an experienced contractor, it took all of its costs into consideration in reaching the prices set in the modification, including the wages of a supervisory foreman for the brick work; (9) plaintiff is not entitled to an equitable adjustment for the cost of premium wages paid *753 for overtime and weekend work allegedly ordered by the Government since the overtime was not authorized by the defendant nor covered by the contract modification; (10) plaintiff is not entitled to compensation for the cost of hiring common laborers in addition to those contemplated when it made its original bid since plaintiff was fully aware of the extent of the work when it entered into the contract modification and is assumed to have considered all its costs in negotiating for the unit prices set forth therein; (11) plaintiff is not entitled to compensation for having to re-do parapet coping that did not bond properly since the epoxy mortar was improperly mixed by plaintiff, and defendant was therefore within its rights under the contract in requiring that the work be redone; and (12) plaintiff is not entitled to additional compensation for the elimination of work called for by the contract (replacement of certain brickwork) since the Board allowed plaintiff an equitable adjustment for the deletion and plaintiff has failed to show that the Government had deleted square footage of brickwork in excess of that found by the Board. On January 8, 1982 the court, by order, adopted the recommended decision of the trial judge as the basis for its judgment in this case, denied plaintiffs motion for summary judgment, granted defendant’s cross-motion for summary judgment, and dismissed the petition.